Michael D. Mortenson, State Bar No. 247758
  mmortenson@mortensontaggart.com
Craig A. Taggart, State Bar No. 239168
  ctaggart@mortensontaggart.com
Patricia H. Jun, State Bar No. 277461
  pjun@mortensontaggart.com
**MORTENSON TAGGART ADAMS LLP**
300 Spectrum Center Dr., Suite 1200
Irvine, CA 92618
Telephone: (949) 774-2224
Facsimile: (949) 774-2545

Attorneys for Defendants
FORD MOTOR COMPANY AND
GALPIN FORD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO SALAS,<br><br>      Plaintiff,<br><br>      vs.<br><br>FORD MOTOR COMPANY; GALPIN FORD; and DOES 1 through 20, inclusive,<br><br>      Defendants. | CASE NO.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**<br><br>[Removal from Superior Court of California, County Los Angeles, Case No. 21STCV37945]<br><br>Complaint Filed: October 14, 2021 |

NOTICE OF REMOVAL

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**
2   **FOR THE WESTERN DIVISION OF THE CENTRAL DISTRICT OF**
3   **CALIFORNIA AND THE PLAINTIFF AND THEIR ATTORNEYS OF**
4   **RECORD:**

5        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and
6   1446, defendant FORD MOTOR COMPANY ("Ford" or "Defendant") hereby
7   removes the above-referenced case from the Superior Court of the State of
8   California for the County of Los Angeles to the Western Division of the United
9   States District Court for the Central District of California. Defendant pleads as
10  follows regarding the grounds for removal:

11  **I. PROCEDURAL HISTORY**

12       1.    On October 14, 2021, plaintiff Humberto Salas ("Plaintiff") sued
13  Defendants Ford and Galpin Ford (together as "Defendants") in the Superior Court
14  of the State of California for the County of Los Angeles. The Complaint is
15  captioned as: *Humberto Salas. v. Ford Motor Co., et al.*, Case No. 21STCV37945
16  (Superior Court of California, Los Angeles). A true and correct copy of Plaintiff's
17  Complaint is attached as **Exhibit 1** to the Declaration of Michael D. Mortenson in
18  Support of Defendant's Notice of Removal ("Mortenson Decl."). (Mortenson
19  Decl., ¶ 2, Ex. 1.) Plaintiff served his Complaint on Defendant Ford on October
20  19, 2021. (*Id.* ¶ 3.) On November 18, 2021, Ford filed its Answer to the Complaint.
21  (*Id.* ¶ 3, Ex. 2.) On February 17, 2022, Defendants Ford and Galpin Ford timely
22  filed a Motion to Compel Arbitration and Stay Action ("Arbitration Motion"). (*Id.*
23  ¶ 4, Ex. 3.) On March 1, 2022, Plaintiff dismissed Defendant Galpin Ford from
24  these proceedings. (*Id.* ¶ 5, Ex. 4.) The court entered the dismissal on March 2,
25  2022. (*Id.*)

26       2.    The Complaint alleges claims for: (1) Violation of Subdivision (d) of
27  Civil Code Section 1793.2; (2) Violation of Subdivision (b) of Civil Code Section
28  1793.2; (3) Violation of Subdivision (a)(3) of Civil Code Section 1793.2; (4)

Breach of Express Written Warranty, Civil Code Sections 1791.2(a) and 1794; (5) Breach of the Implied Warranty of Merchantability, Civil Code Sections 1791.1, 1794, and 1795.5; and (6) Fraudulent Inducement – Concealment.

## II. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. Grounds for Removal

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1), which confers "original jurisdiction of all civil actions where the [amount] in controversy exceeds the sum or value of $75,000, exclusive of interest [or] costs, and is between . . . citizens of different states."

### B. Complete Diversity Exists Between Plaintiff and Defendant

4.     Plaintiff alleges he is an individual residing in the state of California. (Compl. ¶ 2.)

5.     Defendant Ford is a Delaware Corporation. (Compl. ¶ 4.) Defendant Ford's principal place of business is Dearborn, Michigan.

6.     Following the dismissal of Galpin Ford, complete diversity of citizenship now exists between Plaintiff, who is a citizen of California, and Defendant Ford, who is a citizen of Delaware and Michigan.

### C. Amount in Controversy

7.     According to the Complaint, the gravamen of the action relates to the "various warranties" Ford gave Plaintiff when Plaintiff purchased the subject 2017 Ford F-150 ("Vehicle"). (Compl. ¶¶ 9-11.) Plaintiff does not specify the amount of damages sought, nor does Plaintiff attach a copy of retail installment sales contract that memorialized the purchase of the Vehicle.

8.     Although Plaintiff's Complaint does not specify the amount of damages sought, Plaintiff alleges that he "suffered damages in a sum to be proven at trial in an amount not less than $25,001.00" and that he is "entitled to a civil penalty of two times plaintiff's actual damages." (Compl. ¶¶ 17, 20, 25, 32, 37 and p. 12 (PRAYER).) Plaintiff further alleges that he is entitled to "actual damages in

an amount according to proof," "any consequential and incidental damages," "for costs of the suit and Plaintiff's reasonable attorneys' fees," "restitution," "punitive damages," and "for prejudgment interest[.]" (Compl. at p. 11 (PRAYER).) These allegations alone place the amount-in-controversy over $75,000. *See, e.g.*, *Coronel v. Ford Motor Co.*, CV 19-09841 DSF (JEM), 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) (noting that identical allegations in a suit brought by the same Plaintiff's counsel demonstrates that plaintiff seeks, at a minimum, $75,000, not including attorney's fees or punitive damages); *see also, e.g.*, *Pestarino v. Ford Motor Co.*, Case No. 19-cv-07890-BLF, 2020 WL 1904590, at *3 (N.D. Cal. Apr. 17, 2020) (finding that when a Song-Beverly plaintiff seeks damages in excess of $25,000 and a civil penalty of up to twice that damages amount, the jurisdictional threshold for diversity jurisdiction is met).

9.    Further, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

10.    The removing "Defendant is not required to prove that Plaintiff is likely to recover the [] amounts [at issue], only that the amount potentially at issue exceeds the jurisdictional limit." *Petersen v. FCA US LLC*, No. CV 21-1386 DSF (EX), 2021 WL 1516381, at *1 (C.D. Cal. Apr. 16, 2021) (denying motion to remand Song-Beverly action based on the $30,628.24 vehicle purchase price, "possible civil penalties[,]" and "possible attorney's fees").

11.    Although Plaintiff did not plead the contract prices or attach the lease and sales contracts to his Complaint, Ford was able to ascertain the contract price

of the Vehicle by obtaining and reviewing the Retail Installment Sale Contract ("RISC") for the Vehicle. (Mortenson Decl. ¶ 6, Ex. 5.) Based on the RISC, the "Total Sales Price" for the Vehicle was $64,135.90. (*Id.*) As Plaintiff states that he "seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price," the Complaint has placed $64,135.90 in controversy, along with the civil penalties and attorney's fees Plaintiff also seeks. Excluding debt cancellation, theft deterrent, negative equity, and rebate, calculates to a conservative base amount in controversy of $56,205.16, although Plaintiff clearly seeks the "entire contract price" without any such deductions and will contend that they should be included in damages.

12.    Although Plaintiff seeks "the entire contract price" without addressing a mileage offset, under the Song-Beverly Act, the mileage offset must also be calculated and considered. The mileage offset is a reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(C). Based on the RISC, the Vehicle was purchased with 39 miles on the odometer (Mortenson Decl. ¶ 6, Ex. 5.) The mileage of the Vehicle on the first occasion it was brought into the dealership for a defect alleged in the Complaint was 23,403 miles. (Mortenson Decl. ¶ 7.) During that visit, Plaintiff alleged electrical system issues concerning his interface screen and Bluetooth system (*Id.*) The Complaint also alleges that "During the warranty period, the Vehicle developed defects, including but not limited to, defects relating to the powertrain system, including the engine, and/or transmission; defects related to the electrical system, and other defects." (Compl. ¶ 12.)

13.    The mileage offset is calculated by dividing the difference in mileage at purchase and at the time of the first repair presentation for an alleged non-conformity (here, 23,403 miles – 39 miles = 23,364 miles) by 120,000 and multiplying by the purchase price (here, $56,205.16 for the total sales price after deduction of optional items). Therefore, the mileage offset in this case is

-4-
NOTICE OF REMOVAL

$10,943.14, which must be deducted from the purchase price in considering Plaintiff's damages, which makes the base damages amount in controversy **$45,262.02** before the consideration of civil penalties and fees.

14.    Plaintiff alleges he is entitled to a "civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e)" (Compl. p. 12 (PRAYER).) Plaintiff makes this demand based on his allegations that Ford "FMC's failure to comply with its obligations under civil Code section 1793.2, subdivision (d) was willful . . .." (*Id*. ¶ 18.) In short, Plaintiff asserts that Ford has acted willfully in not making a compliant repurchase offer.

15.    Based on the "entire contract price" Plaintiff seeks the total sales price of the Vehicle ($64,135.90), and the civil penalty Plaintiff seeks is $128,271.80. Consequently, the amount in controversy based solely on Plaintiffs' restitution prayer seeking "the entire contract price" and the civil penalty alone is **at least $192,407.70**. Once optional items are deducted and the mileage offset is applied, the restitution and civil penalty Plaintiff seeks is still **at least $135,786.05**.

16.    Plaintiff also seeks attorneys' fees for prosecuting the action under the Song-Beverly Act. (Compl. at p. 12 (PRAYER), ¶ e; *see Fritsch v. Swift Transp. Co. of Ariz., LLC*, No. 18-55746, 2018 U.S. App. LEXIS 22036, at *15 (9th Cir. July 12, 2018) ("Among other items, the amount in controversy includes damages . . . , the costs of complying with an injunction, **and attorneys' fees awarded under fee-shifting statutes or contract**.") (emphasis added)); *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) ("Courts must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.") In *Fritsch*, the Ninth Circuit concluded that where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are at stake and should be included in the amount in controversy. *Fritsch*, 899 F.3d at 788.

///

17.    In cases in which a plaintiff alleges similar claims, this Plaintiff's counsel (Strategic Legal Practices) routinely seeks attorneys' fees that exceed $40,000. Based on substantial experience litigating this body of law (at least 200 Song-Beverly cases) and a review of fee motions made by Plaintiff's counsel in similar Song-Beverly cases, Ford alleges that the attorneys' fees sought in this case, as in many others, will exceed $40,000. (Mortenson Decl. ¶ 8.) *See, e.g.*, *Chism, et al. vs. FCA US LLC, et al.*, No. 2:19-cv-09082 FMO (PJWx), 2021 WL 1181744, at *1 (C.D. Cal. Feb. 16, 2021) (seeking attorney's fees and costs in the amount of $69,973.73, including fees of $42,367); *Forouzan v. BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 856395, at *5 (C.D. Cal. Jan. 11, 2019) (seeking attorneys' fees and costs in the amount of $249,109.50); *Jurosky v. BMW of N. Am., LLC*, No. 19CV706 JM (BGS), 2020 WL 5033584, at *1 (S.D. Cal. Aug. 25, 2020) (seeking attorneys' fees and costs in the amount of $198,716.38); *Zomorodian v. BMW of N. Am., LLC*, No. CV175061DMGPLAX, 2019 WL 6534513, at *4 (C.D. Cal. July 23, 2019) (seeking attorneys' fees in the amount of $257,142.50).

18.    In *Chism*, the plaintiffs filed Song-Beverly Act claims against FCA US LLC and a car dealership on May 30, 2019. *Chism*, 2021 WL 1181744, at *1. As with this action, the defendants initially filed a motion to compel arbitration in state court and plaintiffs voluntarily dismissed the dealership. *Id*. Upon dismissal of the dealership, FCA removed the action to the Central District of California. *Id*. After the parties settled, Plaintiffs filed a motion for attorney's fees and costs in the amount of $69,973.73. *Id*. The history cited in *Chism* indicates that other than the motion to compel arbitration, dismissal of the dealership, removal to federal court, and a belated motion for reconsideration of the ordered compelling arbitration in state court, no further litigation occurred in this matter. *Id*. In short, even in Song-Beverly cases with very similar histories and early settlements, Plaintiff's counsel, Strategic Legal Practices, seeks significant attorney's fees

under the Song-Beverly Act, and likely has already incurred close to the $42,367 sought in *Chism* in the pending action given the similar litigation history. Adding the estimate of $40,000 in fees, the amount in controversy using Ford's most conservative estimate, taking into account the mileage offset and optional deductions, is **$175,786.05**.

19.   In addition to damages, civil penalties, and attorney's fees, Plaintiff also seeks punitive damages for his fraud claim and incidental and consequential damages, which would only further increase the amount in controversy. "Plaintiffs' mere request for such an award puts punitive damages in-controversy, whether or not *Plaintiffs* can ultimately support that request with any evidence." *Tucker v. FCA US LLC*, No. CV 21-2908-GW-MAAx, 2021 WL 3733243, at *4 n.4 (C.D. Cal. Aug. 23, 2021).

20.   In summary, based on Plaintiff's alleged damages, including potential civil penalties, punitive damages, and attorneys' fees demand, Ford is informed and believes the amount at issue in Plaintiff's Complaint well exceeds the $75,000 jurisdictional minimum. The minimum jurisdictional limit of this Court set forth in 28 U.S.C. § 1332(a) is, therefore, satisfied by the amount of damages alleged in the Complaint. A removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). The notice of removal "need not contain evidentiary submissions." *Ibarra*, 775 F.3d at 1197. "By design, § 1146(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553.

///

///

NOTICE OF REMOVAL

## III.    ALL OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

21.    The Superior Court of California for the County of Los Angeles is located within the Central District of California, and, therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

22.    This notice of removal is filed timely pursuant to 28 U.S.C. § 1446(b)(3). Defendant must remove the case within thirty (30) days from the date of service or receipt of a copy of amended pleading, motion, order, or other paper that makes the case removable. 28 U.S.C. § 1446(b)(3).

23.    Ford's removal is timely, as diversity of citizenship was not established until Galpin Ford was dismissed in the state court action, and Ford filed this Removal within 30 days of the entry of dismissal. Ford was served with a copy of Plaintiff's Request for Dismissal as to Defendant Galpin Ford on March 1, 2022, and the court entered the dismissal on March 2, 2022. (*See* Mortenson Decl. ¶ 5, Ex. 4.).

24.    Further, and separately, Plaintiff does not allege the specific amount at issue in his Complaint, and therefore the 30-day removal deadline was not triggered. A similar issue was addressed in *Garcia v. Gen. Motors LLC*, No. 818CV01893JLSKES, 2019 WL 247227 (C.D. Cal. Jan. 17, 2019), in which the Court denied a motion to remand where the defendant was originally served with an illegible purchase contract and later obtained a legible copy of the purchase contract more than 30 days after the plaintiff filed and served the complaint. In *Garcia*, the plaintiff argued that the removal was untimely because it was filed more than 30 days after the defendant received the complaint. *Garcia*, 2019 WL 247227, at *3. The plaintiff further argued that "the Complaint included sufficient information to allow Defendant to ascertain the sale price and resulting damages from its own records. *Id.* In rejecting plaintiff's untimeliness argument, the Court noted that "Plaintiff's argument is foreclosed by Ninth Circuit precedent.

**Assuming that Defendant did possess records reflecting the sale price of the vehicle**—a fact Defendant contests—**it was under no obligation to review such records to ascertain jurisdictional evidence.**" *Id.* (citing *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)) (emphasis added).

25.   The *Garcia* Court recognized, as has the Ninth Circuit Court of Appeals, that plaintiffs may protect themselves from a defendant's choice to ascertain jurisdictional facts when they want by "provid[ing] to the defendant a document from which removability may be ascertained." *Id.* at *4 (quoting *Roth v. CHA Hollywood Medical Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013)). Here Plaintiff could have stated a specific amount of damages he is seeking to recover in the Complaint. He chose not to do so. Plaintiff could have attached the purchase agreement. Again, he chose not to do so. Thus, Ford's removal is timely, as it being filed within thirty days of its receipt of information from which it could first ascertain removability. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

26.   A copy of this Notice of Removal is being served on counsel for Plaintiff and is being filed contemporaneously with the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

27.   Copies of all pleadings, process and orders served upon Defendant in this action are attached hereto in accordance with 28 U.S.C. § 1446(a). (Mortenson Decl. Exs. 1-4, 6.)

**IV.      RESERVATION OF RIGHTS**

28.   Defendant denies the allegations contained in Plaintiff's Complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

29.   In making the allegations in the Notice of Removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of

any of the amounts sought is authorized or appropriate,

30.    Defendant also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of this removal action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of their position that subject matter jurisdiction exists.

**V. CONCLUSION**

31.    Consequently, this case should be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California and (ii) the amount in controversy well-exceeds $75,000, exclusive of interest and costs. WHEREFORE, Defendant Ford Motor Company prays that this action be removed to the Western Division of the United States District Court for the Central District of California.

DATED: April 1, 2022          MORTENSON TAGGART ADAMS LLP

By: */s/ Michael D. Mortenson*
          Michael D. Mortenson
          Craig A. Taggart
          Patricia H. Jun
          Attorneys for Defendants
          FORD MOTOR COMPANY and
          GALPIN FORD

**CERTIFICATE OF SERVICE**

I, Kaitlyn Laub, hereby certify that on April 1, 2022, I caused a copy of:

**DEFENDANT FORD MOTOR COMPANY'S AND GALPIN FORD'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

to be sent to the person(s) at the electronic address(es) listed below pursuant to an agreement of the parties to accept service by electronic transmission:

Tionna Dolin
STRATEGIC LEGAL PRACTICES, P.C.
1840 Century Park East
Suite 430
Los Angeles, CA 9006
Telephone: (310) 929-4900
Facsimile: (310) 943-3838
emailservices@slpattorney.com

ATTORNEY FOR PLAINTIFF

Executed on April 1, 2022, at Irvine, California.

*/s/ Kaitlyn Laub*
Kaitlyn Laub