UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-02201-AB-PLA | Date: | September 22, 2022 |
|---|---|---|---|

| Title: | *Humberto Salas v. Ford Motor Company* et al. |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING MOTION TO REMAND

Before this Court is Plaintiff Humberto Salas' ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 12). Defendant Ford Motor Company ("Defendant") filed an opposition (Dkt. No. 19) and Plaintiff filed a Reply (Dkt. No. 20).[1] The Court deems this matter appropriate for decision without oral argument and accordingly **VACATES** the hearing scheduled for September 23, 2022. For the reasons state below, the Court **DENIES** Plaintiff's Motion.

1. **BACKGROUND**

Plaintiff alleges that he purchased a 2017 Ford F-150 (the "Vehicle") on March 31, 2017, that had been manufactured or distributed by Defendant. (Dkt. No. 1-2 ("Compl.") at ¶ 9.) The Complaint alleges that during the applicable warranty periods, the Vehicle developed multiple defects related to the transmission, engine, steering wheel, radiator, and other parts that substantially

---

[1] Plaintiff filed Requests for Judicial Notice with his Motion and Reply, citing unpublished District Court cases. The Court takes notice of the authorities cited.

impaired the use, value, and safety of the Vehicle.  (*Id.* at ¶ 12.)

Plaintiff filed his Complaint in Superior Court of the State of California, County of Los Angeles on October 14, 2021, alleging violations of the Song-Beverly Consumer Warranty Act, or California's "lemon law," in connection with his Vehicle.  On November 18, 2021, Defendant filed its Answer.  On February 17, 2022, Defendants Ford Motor Company and Galpin Ford filed a Motion to Compel Arbitration and Stay Action.  On March 1, 2022, Plaintiff dismissed Defendant Galpin Ford.  On April 1, 2022, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332.  (Defendant's Notice of Removal ("NOR"), Dkt. No. 1.)

## 2.  LEGAL STANDARD

Civil actions may be removed from state court if the federal court has original jurisdiction.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove an action pursuant to that provision, . . . original subject-matter jurisdiction must lie in the federal courts." (cleaned up)).

Thus, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  For an action based on diversity of citizenship, as here, the parties must be citizens of different states and the dispute must involve an amount in controversy over $75,000.00.  28 U.S.C. § 1332(a)(1).  The defendant seeking removal of an action from state court bears the burden of establishing grounds for diversity jurisdiction, by a preponderance of the evidence.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal."  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted).  Courts resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  A removed case must be remanded "[i]f at any time before final judgment it appears that the district court

lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### 3. DISCUSSION

The only disputed issue is whether the requisite $75,000.00 amount in controversy has been satisfied for federal jurisdiction to vest. The Court finds that Defendant has satisfied their burden.

Defendant argues that the face of the Complaint put over $75,000 in controversy by alleging that Plaintiff "suffered damages in a sum to be proven at trial in an amount not less than $25,001.00" and that he is "entitled to a civil penalty of two times plaintiff's actual damages." (NOR at 2-3.) Plaintiff argues that "damages" refers to "total damages," including "(1) actual damages; (2) civil penalties; (3) attorneys' fees; *and* (4) punitive damages." (Mot. at 6.) Because the "Complaint is ambiguous as to total damages" and because the Court must resolve "any doubt about the right of removal . . . in favor of remand," these allegations, without more, are insufficient to establish the amount in controversy. *Mahlmeister v. FCA US LLC*, No. 21-CV-00564-AB (AFMx), 2021 WL 1662578, at *2 (C.D. Cal. Apr. 28, 2021); *Moore-Thomas v. Alaska Airlines*, 553 F.3d 1241, 1244 (9th Cir. 2009).

However, the Court finds that Defendant has provided evidence demonstrating the amount in controversy exceeds $75,000. Plaintiff states that he "seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price." (Compl. at ¶ 24.) Defendant's NOR provides undisputed evidence from Plaintiff's Retail Installment Sales Contract that the purchase price, or purported actual damages value, of Plaintiff's Vehicle was $64,135.90. While the Court agrees with Plaintiff that Defendant's mileage offset calculation is speculative, "[t]his Court generally does not consider mileage offsets (or vehicle value reductions accounting for a plaintiff's use of the vehicle before it was taken in for a repair) in calculating the amount in controversy, as such offsets sound more in the nature of a defense." *Pristave v. Ford Motor Co.*, 20-CV-04892-AB (Ex), 2020 WL 4883878, at *3 (C.D. Cal. Aug. 20, 2020); *Tucker v. FCA US LLC*, No. 21-CV-2908-GW-MAAx, 2021 WL 3733243, at *3 (C.D. Cal. Aug. 23, 2021) (finding the amount in controversy was satisfied where plaintiff sought "'the entire contract price,' not 'the entire contract price – less payments made and an amount reflecting the valuation of their use or a mileage offset.'"); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense [or potential offset] that could reduce recovery below the

jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."). Thus, the minimum amount of actual damages in controversy is $64,135.90.

Moreover, the Court rejects Plaintiff's arguments that Defendant must provide evidence that Plaintiff will receive civil penalties. (Mot. at 12-15.) A "[d]efendant is not required to prove the case against itself." *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2-3 (C.D. Cal. Jun. 4, 2021). "It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants . . . will 'den[y] that it willfully failed to comply with the Song-Beverly.'" *Id.* (quoting *Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020)). "The mere fact that Plaintiffs *seek* such a civil penalty puts in-controversy an amount equal to twice the amount of actual damages." *Tucker v. FCA US LLC*, No. CV 21-2908-GW-MAAx, 2021 WL 3733243, at *4 (C.D. Cal. Aug. 23, 2021). Therefore, because Plaintiff has alleged willful conduct and seeks a civil penalty equal to twice the amount of actual damages, the amount in controversy based on the contract price and civil penalty sought is $192,407.70.

But even if the Court did not consider the civil penalty, the Court is convinced that Plaintiff's attorneys' fees would make up the difference between the contract price ($64,135.90) and threshold amount ($75,000). Defendant compares this case to *Chism, et al. v. FCA US LLC, et al.*, No 2:19-cv-0982 FMO (PJWx), 2021 WL 1181744, at *1 (C.D. Cal. Feb. 16, 2021), a single-vehicle lemon law action where Plaintiff's counsel – the same counsel in this case – requested $42,367.00 in attorneys' fees. The procedural history is similar to this case: a motion to compel arbitration was filed, the plaintiff dismissed the in-forum defendant, the remaining defendant removed the case, and the plaintiff filed a motion for reconsideration on the arbitration order. *Id.* at *1. Plaintiff points out that *Chism* settled after two years, whereas this case has been pending for less than one. (Reply at 10, n.4.) *Chism* also involved additional motions practice. However, even if the *Chism* fees were divided in half, that amount would still be sufficient for this analysis. Given Plaintiff's counsel's previous work and hourly rates, the Court is convinced that Plaintiff's attorneys' fees in this case will exceed the $10,864.10 required to satisfy the threshold. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018) (noting that district courts may rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees.")

### 4. CONCLUSION

Therefore, considering Plaintiff's actual damages, the sought civil penalties, punitive damages,[2] and likely attorneys' fees, the Court finds that amount in controversy well over the $75,000 threshold.   Accordingly, the Court **DENIES** Plaintiff's Motion for Remand and retains jurisdiction over this action.

**IT IS SO ORDERED**.

---

[2] Like with civil penalties, "Plaintiffs' mere request for [punitive damages] puts punitive damages in-controversy, whether or not *Plaintiffs* can ultimately support that request with any evidence."   *Tucker*, 2021 WL 3733243, at *4, n.1.